2

1 | Carl W. Collins (State Bar No. 109282)
  | Attorney at Law
2 | 1127-12th Street, Suite 106
  | P.O. Box 3291
3 | Modesto, California 95353
  | Telephone: (209) 521-8100
4 | Facsimile: (209) 524-8461

5 | Attorney for Trustee
  | Stephen C. Ferlmann

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

(Modesto Division)

| In re: | ) Case No: 09-90452 |
|---|---|
| DeLiddo & Associates, Inc., dba DEERS, | ) Chapter 7 Case |
| P.O. Box 187 | ) D.C. No. CWC-7 |
| Salida, CA 95368 | ) |
| Tax I.D. 77-0444949 | ) |
|  | ) Date: N/A |
| Debtor. | ) Time: |
|  | ) Place: |

**ORDER APPROVING TRUSTEE'S APPLICATION**

**FOR AUTHORIZATION TO EMPLOY COLLECTION AGENT**

An application to employ collection agent pursuant to 11 U.S.C. § 327 has been made. Based upon the application, the record, and the verified statement required by Bankruptcy Rule 2014(a), it appears that the collection agent is eligible to be employed.

IT IS ORDERED that the trustee is authorized to employ JNR Adjustment Company, Inc., 7001 E. Fish Lake Road, Suite 200, Maple Grove, MN 55311, as collection agent for the bankruptcy estate to pursue enforcement of monetary Judgment, in the amount

1

RECEIVED
August 28, 2013
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004938094

of $1,738,045.77, entered on February 13, 2012, in favor of Plaintiff/Trustee, Stephen C. Ferlmann and against Defendant, Jack P. DeLiddo in Adversary Proceeding for the benefit of the bankruptcy estate subject to the following reasonable terms and conditions pursuant to 11 U.S.C. § 328(a):

　　1.　No compensation is permitted except upon court order following application pursuant to 11 U.S.C. § 330(a).

　　2.　Compensation will be based upon a contingent fee basis pursuant to the terms and conditions described in the Application. No hourly rate referred to in the application papers is approved unless unambiguously so stated in this order or in a subsequent order of this court.

　　3.　Except as otherwise ordered by the court, all funds received by counsel in connection with this matter, regardless of whether they are denominated a retainer or are said to be non-refundable, are deemed to be an advance payment of fees and to be property of the estate.

　　4.　Funds that are deemed to constitute an advance payment of fees shall be maintained in a trust account maintained in an authorized depository, which account may be either a separate interest bearing account or an attorney's trust account containing commingled funds. Withdrawals are permitted only after approval of an application for compensation and after the court issues an order authorizing disbursement of a specific amount.

Dated: September 17, 2013

By the Court

Ronald H. Sargis, Judge
United States Bankruptcy Court